LETTS, Judge.
This appeal is from a final judgment awarding $1,150 per month in alimony, same to be reduced to $700 upon completion of partition proceedings involving the marital home. We reverse in part.
This marriage was of 29 years duration and produced four children. At the time of the marriage the now 55 year old spouse was an airline stewardess, but since marriage, at her husband’s request, the wife has not worked outside the home. She suffers from rheumatoid arthritis, but has a real estate license from which she has so far realized a total of only $1,500.
The husband 58, is a urologist with some health defects which so far have not prevented him from full-time practice. The parties have lived well, perhaps too much so, in that no large estate has been built up, but the husband has a steady income which, while disputed, is at least $55,000 per an-num in salary from his P.A.
The final judgment provided for periodic alimony of $1,150 per month until the house is sold and thereafter $700 permanent, periodic. We are of the view that the reduction was error.
As we said in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), and McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978), if the wife needs $1,150 in permanent periodic alimony now, she will still need it after the house is sold, unless some eventuality takes place which we do not foresee. It is quite true that the wife will receive half of the net proceeds of the house sale, but the record indicates that her half share will be no more than $25,000 and she has to secure another place to live. All this being so, we see no reason why the $1,150 per month alimony awarded should be reduced, when we also consider that Dr. Langstaff’s monthly gross salary (not counting what his P.A. pays for) is nearly $4,600 or four times the amount of alimony awarded. Moreover, the alimony will be deductible by him and taxable to his wife.
As to the other points on appeal, we cannot say, under the facts presented, that the trial judge abused his discretion either in granting dissolution or in retaining jurisdiction to assess attorneys’ fees and tax costs. Likewise, although the award is not generous, we cannot hold that an award of $1,150 per month is so grossly inadequate that it is reversible error. Moreover, Dr. Langstaff’s net worth is very modest and we cannot fault the Trial Judge for not awarding lump sum alimony.
REVERSED IN PART AND REMANDED IN ACCORDANCE HEREWITH.
CROSS and MOORE, JJ., concur.